# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEXIS CLANTON, | ) |
|           Plaintiff, | ) No. 12 CV 2455 |
| v. | ) Magistrate Judge Young B. Kim |
| CAROLYN W. COLVIN, Commissioner, Social Security Administration,[1] | ) |
|           Defendant. | ) September 3, 2013 |

## MEMORANDUM OPINION and ORDER

On April 15, 2013, this court remanded the Administrative Law Judge's ("ALJ's") decision denying Plaintiff Alexis Clanton's application for disability insurance benefits. Clanton now seeks an award of attorney's fees as a "prevailing party" pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, Clanton's petition for fees is denied:

## Background

In March 2009 Clanton filed an application for disability insurance benefits, alleging disability as a result of asthma, obesity, and learning and cognitive problems. (Administrative Record ("A.R.") 212.) The Commissioner of the Social Security Administration denied Clanton's claim initially and again on

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin—who became the Acting Commissioner of Social Security on February 14, 2013—is automatically substituted as the named defendant.

reconsideration. (Id. at 129, 138.) Clanton then requested a hearing before an ALJ, (id. at 151), and this occurred in September 2010. Following the hearing, the ALJ held the record open to allow Clanton time to submit missing medical records and to arrange for additional testing. (Id. at 105, 113.) The ALJ then conducted a second hearing in April 2011, after which he concluded that Clanton is not disabled as defined by the Social Security Act. (Id. at 14, 123.) The Appeals Council denied Clanton's request for review on February 17, 2012, (id. at 1), thereby rendering the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. § 404.981.

Clanton sought judicial review of the Commissioner's decision and the parties consented to the jurisdiction of this court. *See* 28 U.S.C. § 636(c). In September 2012, Clanton filed a motion for summary judgment asking this court to reverse the Commissioner's decision and award benefits, or in the alternative, to remand the decision for further proceedings. (R. 16, 17.) In November 2012, the Commissioner filed a cross-motion for summary judgment requesting that this court affirm the ALJ's decision. (R. 18, 19.) The court issued a Memorandum Opinion and Order on April 15, 2013, remanding the Commissioner's final decision. (R. 22.) This court found that the ALJ failed to develop adequately his analysis of what constitutes an asthma attack under Listings 3.00C and 3.03B and thus remanded the case for further analysis of this one issue.

On July 12, 2013, Clanton filed the instant petition seeking $11,130.69 in attorney's fees associated with the prosecution of her case. (R. 24, 25.) The

government challenges Clanton's entitlement to fees, asserting that its position in defending the decision of the ALJ was substantially justified. (R. 27.)

## Analysis

**A. Standard of Review**

This court may award fees under the EAJA "if either the government's pre-litigation conduct or its litigation position [is] not substantially justified." *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004) (quotation omitted). An ALJ's decision is considered part of the Commissioner's pre-litigation conduct. *Cunningham v. Barnhart,* 440 F.3d 862, 864 (7th Cir. 2006). An award of fees is proper if the following four elements are satisfied: (1) the claimant was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there were no special circumstances that would make an award unjust; and (4) the claimant filed a complete and timely application. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). It is the Commissioner who bears the burden of proving that her position was "substantially justified." *Stewart*, 561 F.3d at 683.

Within the context of the EAJA, the Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 (1988). This standard is akin to the "reasonable basis both in law and fact" formulation adopted by the Seventh Circuit (among others). *Id.*; *see also Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (finding that "[t]he Commissioner's position is substantially justified

3

if a reasonable person would conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law"); *Stein v. Sullivan,* 966 F.2d 317, 320 (7th Cir. 1992) ("'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." (quoting *Pierce*, 487 U.S. at 565)). Nevertheless, despite these clarifications, the "substantially justified" analysis as applied in the context of an EAJA fee petition is not subject to firm rules or "useful generalization[s]," and so its application is left to the discretion of the district court. *Bassett*, 641 F.3d at 859.

In *Pierce*, the Supreme Court clarified that the Commissioner's position "can be [substantially] justified even though it is not correct . . . if a reasonable person could think it correct." *Pierce*, 487 U.S. at 566 n. 2. Similarly, the Seventh Circuit has ruled that an ALJ's opinion may be substantially justified, despite being wrong, in a number of circumstances. For instance, an ordinary error of articulation will not render an ALJ's position unjustified. *Bassett*, 641 F.3d at 860 (finding that the ALJ's pinpointing, without explanation, of the claimant's disability at age 55 instead of two years earlier was at most an error of articulation). Even an ALJ's "cursory and inadequate" analysis as to an important point will generally not be enough to "poison" the opinion or render the Commissioner's defense of the opinion substantially unjustified. *Id.* at 859 (citing *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010)). The rationale here is that while an ALJ may have failed to "connect the dots" of his analysis on a particular point,

4

the ALJ enjoys some flexibility as to how he must articulate his assessment of the evidence. *Id.* This failure to connect all the dots, and the Commissioner's defense of this failure, "is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." *Id*. at 859-60.

Standing in contrast to these above-mentioned cases are instances in which the ALJ ignored or mischaracterized a significant amount of factual and medical evidence and/or failed to discuss the claimant's credibility, or contradicted judicial precedent by crafting an RFC and posing hypotheticals to the vocational expert that failed to include all the limitations supported by the medical record, or ignored the most relevant medical report of record. *See Golembiewski*, 382 F.3d at 724; *Stewart*, 561 F.3d at 684; *Huber v. Astrue*, 395 Fed.Appx. 299, 303 (7th Cir. 2010). In these cases, the Seventh Circuit deemed the ALJ's failures to be much more glaring.

In this case, the Commissioner objects only to the second of the four-part analysis—whether its position was substantially justified. The Commissioner argues that the lack of clear precedent regarding the listings, the fact that the ALJ discussed the listings at length with the medical expert, and the burden carried by Clanton in proving her breathing troubles were caused by her asthma, support the conclusion that its position was substantially justified. (R. 19, Govt.'s Resp. at 5.) Clanton maintains that this court's remand of the step-three analysis indicates *per se* that the ALJ's ruling, and the Commissioner's reliance on that ruling, was not substantially justified. (R. 17, Pl.'s Br. at 3.)

5

This court agrees with the Commissioner that no fees are warranted under the EAJA. The ALJ devoted a great deal of time to the issue of asthma exacerbation and the relevant listings. At the first hearing, the ALJ inquired of the medical expert, Dr. Julian Freeman, whether he believed Clanton satisfied the requirements of Listing 3.03B by having suffered at least six asthma attacks within a 12-month period. (A.R. 57.) Dr. Freeman stated that he was having difficulty tracking Clanton's episodes of asthma exacerbation because several of her hospitalizations were for pneumonia and he felt these were distinguishable. (Id. at 58, 62, 69.) Accordingly, the ALJ encouraged Dr. Freeman and Clanton's attorney to review the record in an attempt to discern which hospital visits were for asthma and which ones were for other medical reasons. After more discussion on the topic, the ALJ relied on the medical opinion testimony of Dr. Freeman in determining that hospitalizations for pneumonia do not count toward the listings for asthma. (Id. at 64.) The ALJ explained at the hearing that "since I've been here, we've never counted visits for pneumonia or flu or other things that people can be predisposed to have." (Id.)

The ALJ left the record open following the first hearing to allow Clanton time to conduct some additional testing, and a second hearing was held some seven months later. Dr. Freeman testified again regarding Clanton's hospitalizations in an effort to discern which were for asthma exacerbation. (Id. at 25-28.) Dr. Freeman drew a distinction between "broncho-spastic" asthma and "acute infection." (Id. at 32.) Dr. Freeman also felt that non-compliance with medication

6

and perhaps smoking lay behind some of Clanton's hospitalizations. (Id. at 27.) The ALJ then questioned Clanton on the topic of medication compliance, (id. at 41), in an effort to discern whether she had fulfilled some of the other requirements of the relevant listings. Ultimately, the ALJ concluded that Clanton's asthma did not satisfy the frequency requirements of the relevant listings because several of her hospitalizations were for "infectious community acquired pneumonia," as opposed to "bronchospastic pneumonia." (A.R. 115-16.)

This court did not agree with the ALJ's distinction between bronchospastic pneumonia and infectious community-acquired pneumonia. It found that the language of the listings do not support this distinction and accordingly granted a remand on this one issue to give the ALJ an opportunity to re-address the components of Listings 3.00C and 3.30B and to further examine such other issues as Clanton's medical compliance. (R. 22 at 25.) That being said, this court still finds the ALJ's analysis, and the Commissioner's defense of this analysis, to be substantially justified. The ALJ did not ignore or mischaracterize evidence pertaining to Clanton's asthma attacks. To the contrary, a medical expert testified at length during both hearings about how to classify Clanton's asthma attacks, and the ALJ focused on this critical issue at both hearings. It was not unreasonable for the ALJ to have relied on the opinion of the medical expert, Dr. Freeman, particularly given the fact that there was no other medical testimony or notations in the record (other than the opinions of Clanton's attorney) clarifying the issue of what constitutes an asthma attack. Furthermore, the listings themselves are wordy

7

and complex and there is no clear line of precedent bearing on this matter. As noted by the Seventh Circuit, "determining whether the government's position was substantially justified presents a difficult line-drawing task." *See Thouvenot,* 596 F.3d at 381. This line-drawing falls in the Commissioner's favor here as there is nothing egregious about the ALJ's opinion. There is no glaring failure to consider evidence, no deviation from precedent, and no speculative analysis. *See Cunningham,* 440 F.3d at 865 (stating that "this is not a case in which the Commissioner's position is based on speculation with no support in the record"). The fact that the ALJ's determination failed to satisfy this court's standards does not give rise to a finding that the Commissioner's position was not substantially justified. *See Stein*, 966 F.3d at 320.

It is also noteworthy, though not outcome determinative, that this court found no other bases for remanding the ALJ's decision. Clanton contested numerous other components of the ALJ's decision, including his RFC determination, his credibility analysis as to both Clanton and her mother, the weight he afforded to various medical professionals, and the content of the hypothetical posed to the vocational expert. This court did not find error with any other aspects of the ALJ's decision. Regardless of the basis of the remand order, this court is required to look at the government's overall conduct. *See Stewart*, 561 F.3d at 683 (finding that "EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the

government's overall position was substantially justified"). In doing so, the court finds that the Commissioner's position was substantially justified.

## Conclusion

For the foregoing reasons, Clanton's petition for attorney's fees is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**